UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FONOVISA, INC., a California corporation;
INTERSCOPE RECORDS, a California general
partnership; ATLANTIC RECORDING
CORPORATION, a Delaware Corporation; ARISTA
RECORDS LLC, a Delaware limited liability company;
MAVERICK RECORDING COMPANY, a California
joint venture; UMG RECORDINGS, INC., a Delaware
corporation; and BMG MUSIC, a New York general
partnership**                                                  **PLAINTIFFS**

**VERSUS**                                                  **CIVIL ACTION NO. 4:04CV00329PB**

**DOUG HEBERT AND BRENDA HEBERT**                             **DEFENDANTS**

## JUDGMENT
## AND PERMANENT INJUNCTION BASED ON STIPULATION

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs have alleged that Defendants distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Defendants have not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

2. Defendants shall pay to Plaintiffs in settlement of this action the sum of $8,815.00.

3. Defendants shall pay Plaintiffs' costs of suit (complaint filing fee and service of

process fee) in the amount of $185.00.

4. Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

a) using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendants, to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendants also shall destroy all copies of Plaintiffs' Recordings that Defendants and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendants have downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendants, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control.

5. Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent

Injunction will expose Defendants to all penalties provided by law, including for contempt of Court.

6. Defendants irrevocably and fully waive any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendants of any right under federal copyright law or state law occurring after the date Defendants execute the Stipulation to Judgment and Permanent Injunction.

8. Defendants shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

SO ORDERED AND ADJUDGED, this the 23rd day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

Submitted by:

s/Thomas C. Anderson
Balch & Bingham LLP
Post Office Box 130
Gulfport, MS 39502
Telephone: (228) 864-9900
Facsimile: (866) 811-7360
Email: tanderson@balch.com